Filed 7/19/13  P. v. Broyles CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FERIAL BROYLES,<br><br>    Defendant and Appellant. | B243056<br><br>(Los Angeles County<br>Super. Ct. No. BA 356775) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William N. Sterling, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Ferial Broyles appeals from a judgment of conviction after pleading guilty to one count of grand theft. The trial court suspended imposition of appellant's sentence and ordered probation for five years. After a contested restitution hearing, the court ordered appellant to pay restitution in the total amount of $80,252.43. We ordered this appeal was limited to sentencing and other noncertificate issues. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we provide a brief description of the facts and procedural history of the case.

Appellant was charged in a felony complaint with (1) one count of conspiracy to commit grand theft and welfare fraud, (2) two counts of grand theft of personal property, (3) one count of false statements to receive health care, (4) one count of perjury in the application for a driver's license, (5) two counts of perjury in the application for an identification card, (6) four counts of perjury by declaration, and (7) seven counts of perjury by false application for aid. Appellant pled guilty to one count of grand theft of personal property. The count to which she pled guilty alleged she had taken $35,654 in childcare funds from the state of California and the County of Los Angeles between August 2001 and May 2006. Appellant entered a *Harvey*[1] waiver and was accordingly advised that she could be liable for restitution as to all dismissed counts. (*People v. Goulart* (1990) 224 Cal.App.3d 71, 80.)

The court suspended imposition of appellant's sentence, placed her on probation for five years, and ordered restitution to be determined. The court later held a contested restitution hearing at which the following evidence was adduced. Appellant had been using two social security numbers under slightly different names.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

2

Under one name and number, she was receiving SSI[2] benefits. Under the other name and number, she had reported spousal income and income from wages. This income would have reduced the SSI benefits she was receiving, had it been reported accurately. The Social Security Administration determined, based on the unreported income, it had overpaid her SSI benefits in the amount of $44,598.43 between 2000 and 2006.

The evidence was that the Department of Public Social Services (DPSS) had overpaid appellant $36,100.58 in childcare funds (which was slightly more than the $35,654 to which she pled guilty of taking). Appellant's daughter, Nesreen Megrisi,[3] reported appellant was her childcare provider, and the childcare funds were paid to appellant on this basis. DPSS's investigation determined appellant had committed childcare fraud because she was disabled during the period she received funds, and she was not eligible for receiving childcare funds if she was disabled.

The court ordered appellant to pay restitution in the amount of $44,598.43 to the Social Security Administration and $35,654 to DPSS, for a total of $80,252.43.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende*, *supra*, 25 Cal.3d at page 441. On May 1, 2013, we advised appellant she had 30 days within which to submit any contentions or issues that she wished us to consider. Appellant did not file a supplemental brief.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v.*

---

[2] Supplemental security income.

[3] Megrisi was charged with numerous counts in the same felony complaint as appellant. Megrisi is not a party to this appeal.

3

*Robbins* (2000) 528 U.S. 259, 279-284; *Wende*, *supra*, 25 Cal.3d at p. 441; see also *People v. Kelly*, *supra*, 40 Cal.4th at pp. 123-124.)

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

RUBIN, J.